**COMMONWEALTH of Pennsylvania, Respondent**

v.

**James Monroe BALDWIN, Petitioner.**

Supreme Court of Pennsylvania.

Dec. 5, 2011.

***ORDER***

PER CURIAM.

**AND NOW,** this 5th day of December, 2011, the Petition for Allowance of Appeal

---

ion does not clarify the issue but contends legal capacity is "extremely amorphous" and the "blurry distinction between capacity to sue and standing [i]s a 'somewhat metaphysical question.'" Majority Op., at 1249. The majority merely characterizes Appellant's ca-

pacity argument as a question of authority, which does not make the distinction less blurry—as such, I believe it is best put aside, particularly as it is made irrelevant by resolution of the preemption issue.

is **GRANTED.** The issue, as stated by Petitioner, is:

> Whether the test employed in *United States v. Peterson*, 233 F.3d 101 (1st Cir.2000), adopted by the Superior Court in this case, to be utilized when a criminal defendant seeks to testify after the close of evidence, is an unconstitutional burden on a citizen's fundamental right to testify in his own defense?

Justice ORIE MELVIN did not participate in the consideration or decision of this matter.